IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS TEAGUE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 04-317-JLF |
| ) | |
| **C/O PHILLIPS, EDWIN BOWEN, A.R.** ) | |
| **WISELY, and UNKNOWN PARTIES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**FOREMAN, District Judge:**

Plaintiff, formerly an inmate in the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he was not required to pay an initial partial filing fee.

Plaintiff presents five separate claims in this action, and the Court has added a sixth claim to the list; all six are summarized here for clarity:

**COUNT 1:** Against Defendant Phillips for failure to protect him from assault, in violation of his rights under the Eighth Amendment.

**COUNT 2:** Against Bowen and Unknown Defendants 1-2 for not providing him with proper due process, in violation of his rights under the Fourteenth Amendment.

**COUNT 3:** Against Defendants Phillips, Bowen and Unknown Defendants 1-2 for violating his rights under the constitution of the state of Illinois.

**COUNT 4:** Against Defendants Phillips, Bowen and Unknown Defendants 1-2 for violating his rights under Illinois state law.

**COUNT 5:**    Against Defendants Phillips, Bowen and Unknown Defendants 1-2 for violating his rights under the rules of the Illinois Department of Corrections.

**COUNT 6:**    Against Defendants Bowen, Wisely, and Unknown Parties 3-5 for deliberate indifference to his health and safety, in violation of his rights under the Eighth Amendment.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

Plaintiff states he suffers from a mental deficiency as well as attention deficit disorder. On November 23, 2003, while in the Centralia Correctional Center, he became fearful that another inmate, Robert Gray, was planning to "take advantage" of his disabilities by "pressuring him with physical abuse." Plaintiff advised Defendant Phillips of his concerns, but Phillips took no action. The next night, November 24, Gray sexually assaulted Plaintiff. The next morning, November 25, Plaintiff reported the assault to Phillips; Phillips had him taken to the medical unit, and an

examination confirmed that a sexual assault had taken place. Plaintiff was then taken to segregation.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).

Based on the allegations in the complaint, the Court is unable to dismiss Count 1 at this point in the litigation. *See* 28 U.S.C. § 1915A.

## COUNT 2

Unknown Defendant 1, a lieutenant from Internal Affairs, investigated the incident between Plaintiff and Gray; based on statements by Gray, he found that the sexual encounter had been consensual. A disciplinary ticket was issued, but Plaintiff claims he was not served with a copy of the ticket. At the hearing, despite the medical evidence and Phillips's testimony that the incident had been an assault, rather than a consensual act, Unknown Defendant 2 found Plaintiff guilty and

punished him with six months across the board, in addition to a transfer to a maximum-security facility. Plaintiff filed a grievance regarding this proceeding, which Bowen denied. Plaintiff alleges that the hearing committee was not an impartial tribunal, and that he was denied staff assistance in presenting his defense.

The instant case is a challenge to disciplinary proceedings that resulted in the loss of good time credit as well as time in disciplinary segregation.

> When a state official violates the Constitution in his treatment of a state prisoner, his illegal conduct can, at least in theory, give rise to claims for monetary or declaratory relief under § 1983 and to claims for habeas corpus relief under § 2254. Although these statutes provide distinct avenues for relief, claims brought under § 1983 are not always independent of claims that have been brought or could be brought under § 2254. Proving official misconduct for the purposes of § 1983 can often – but not always – involve the same factual issues that would be relevant in a potential claim under § 2254. This intersection between claims under §§ 1983 and 2254 can sometimes implicate the fundamental principles controlling federal jurisdiction generally, and habeas corpus jurisdiction in particular. According to these principles, the federal courts will not hear a state prisoner's § 2254 claims against a state official until the courts of that state have had the opportunity to identify and remedy any official misconduct. These principles of deference and reticence that guide the federal courts similarly prevent the district courts from considering any issues that *could be cognizable* in a § 2254 claim until the state prisoner has exhausted his state court remedies. If claims under statutes besides § 2254 could be used as instruments to decide issues that would be cognizable in a potential § 2254 action, the pursuit of such claims could promote the evasion of the exhaustion requirement for § 2254. Consequently, a prisoner cannot bring a § 1983 claim that involves issues cognizable in habeas corpus until he complies with the procedural prerequisites for relief under § 2254. A decision on a § 1983 claim brought in this posture would create situations in which a federal court would make an initial, and perhaps a preclusive, ruling on an issue that should first be addressed by state courts.
>
> But this limitation applies only if the preclusive effect of a § 1983 judgment is certain. If resolution of the issue in federal court would not *necessarily* undermine the state court's ability to make an independent determination of issues cognizable in habeas corpus, then that issue is cognizable under § 1983, regardless of whether a state court has ruled on that issue.

*Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996), *citing Heck v. Humphrey*, 512 U.S. 477, 487

n. 7 (1994).  *See generally Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584 (1997).

> This determination [of which claims are cognizable strictly under § 1983 and which raise issues cognizable in habeas corpus] depends upon identifying the injuries involved in each of [plaintiff's] claims.  As the Supreme Court has recently indicated, the injury alleged in a claim – and not the relief sought in the claim – determines whether a claim implicates issues cognizable in habeas corpus. . . .  If the proof of any of those injuries involves the proof of a fact that would also be essential to a habeas corpus action, then the claim that depends upon proof of that injury implicates habeas corpus.

*Clayton-EL*, 96 F.3d at 242 (citations omitted).  *See generally Wilkinson v. Dotson*, – U.S. —, 125 S.Ct. 1242, 1246-48 (2005).

In the instant case Plaintiff is challenging the lack of written notice, the failure to provide him with staff assistance, and the validity of the charges against him.  Proof of such claims could invalidate the disciplinary proceeding, which in turn would invalidate Plaintiff's punishment of the revocation of six months of good time credit.  The proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts.  *See, e.g., Heck*, 512 U.S. at 480-81.  The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner.  *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981).  *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982).  The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim.  Accordingly, Count 2 is dismissed from this action without prejudice.

### COUNTS 3-5

In these three counts, Plaintiff alleges various violations of state law in connection with the claims discussed above in Counts 1 and 2.  Because the Court has dismissed Plaintiff's federal

claims regarding the disciplinary proceeding, the Court declines to exercise supplemental jurisdiction over those related state law claims. *See* 28 U.S.C. § 1367(c)(3). However, any state law claims against Phillips directly related to the claims in Count 1 shall proceed at this time.

## COUNT 6

In the final paragraph of the complaint (¶ 23), Plaintiff alleges that Defendants Wisely, Bowen, and Unknown Defendants 3-5[1] failed to provide him with psychiatric or other medical evaluations at Graham and Centralia Correctional Centers. Therefore, because Defendants did not follow their own procedures, he was wrongly assigned to general population. This ill-advised assignment thus led to the assault by Gray, and also to the false disciplinary charges against him stemming from that incident. Plaintiff claims that these inactions on the part of these Defendants constitutes cruel and unusual punishment, in violation of his rights under the Eighth Amendment.

By making allegations that Defendants merely failed to act according to internal procedures, he presents, at best, a claim of negligence. However, a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Accordingly, Plaintiff has not stated a viable claim under the Eighth Amendment, and Count 6 is dismissed from this action with prejudice.

## DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that the claims in **COUNT 3, COUNT 4** and **COUNT 5**

---

[1] These individuals are identified as the warden, an assistant warden, and the medical director at Graham Correctional Center.

against Bowen and Unknown Defendants 1-2 involving the disciplinary proceeding are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 6** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **BOWEN**, **WISELY** and **ALL UNKNOWN DEFENDANTS** are **DISMISSED** from this action with prejudice, as no claims remain pending against them.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **PHILLIPS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **PHILLIPS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.

Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: August 12, 2005.**

*s/ James L. Foreman*
**DISTRICT JUDGE**