IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENNIS TEAGUE,                          )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )          Case No. 3:04-cv-317-DRH
                                        )
MARK PHILLIPS,                          )
                                        )
          Defendants.                   )

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by

Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B),

Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a report and recommendation

on the Motion for Summary Judgment (Doc. 48), filed by Defendant Mark Phillips on August

28, 2007.  For the reasons set forth below, it is **RECOMMENDED** that the motion be

**DENIED**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On May 10, 2007, Plaintiff Teague filed a complaint alleging that Illinois Department of

Corrections employees had violated his rights under the Eighth and Fourteenth Amendments

(Doc. 1).  After the Court's threshold review pursuant to 28 U.S.C. § 1915A, Plaintiff was

allowed to proceed on Count 1 of the complaint, in which he alleged that Defendant Phillips, a

correctional officer at the Centralia Correctional Center, failed to prevent a sexual assault by a

fellow inmate (Doc. 1, p. 5).  In his complaint, Plaintiff alleges that he was placed in a cell with

inmate Robert Gray on November 23, 2003, and that during that night he became fearful that

Gray would sexually assault him (Doc. 1, p. 4).  Plaintiff states that at breakfast on the morning

of November 24, he told Defendant he was in fear of being sexually assaulted by inmate Gray. Despite this knowledge, Defendant Phillips refused to take any action to prevent the assault (Doc. 1, p. 5). Plaintiff states that Gray sexually assaulted him on the night of November 24 (Doc. 1, p. 5). Plaintiff alleges that he informed Defendant at breakfast on the morning of November 25 that he had been assaulted by Gray the previous night (Doc. 1, p. 5). At that point, Plaintiff alleges he was taken to the hospital for a medical examination, and inmate Gray was placed in a segregation unit (Doc. 1, p. 5).

On August 15, 2007, Defendant filed the instant motion for summary judgment, arguing that there exists no genuine issue of material fact because Defendant Phillips was not on duty during breakfast on November 24 or November 25 and thus could not have spoken with Plaintiff at the alleged times (Doc. 48). In support of the motion, Defendant includes the affidavit of Robert Stovall, a Major at the Centralia Correctional Center. Mr. Stovall, whose duties include assigning staff their work schedules, avers that Defendant did not work on either Monday or Tuesday, November 24 and 25. Additionally, Mr. Stovall states that breakfast is routinely completed by 6:15 a.m. each day and that Defendant, at the time period in question, never came on duty before 7:00 a.m. (Doc. 48, Stovall Affidavit).

In response, Plaintiff produces pages from the transcript of his deposition, in which Plaintiff states that one the morning of November 24, he told Defendant Phillips that he was in fear of being assaulted, and at breakfast on November 25, he told Defendant Phillips he had been assaulted (Doc 53, pp. 8-9).

### CONCLUSIONS OF LAW

Prison officials have a duty "to protect prisoners from violence at the hands of other

prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations omitted).  A plaintiff claiming that prison officials failed to protect him from harm must allege that "he is incarcerated under conditions posing a substantial risk of serious harm," and that the officials acted with deliberate indifference to the risk of harm. Brown v. Budz, 398 F.3d 904, 909 (7th Cir. 2005) (quoting Farmer, 511 U.S. at 834).  For a prison official to act with deliberate difference, he must "know of and disregard excessive risk to inmate health or safety." Farmer, 511 U.S. at 838.

In the instant case, Plaintiff's complaint alleges that he made Defendant Phillips aware of the risk of harm from another inmate by informing him that he feared he was going to be sexually assaulted by inmate Gray.  Defendant Phillips now moves for summary judgment with a supporting witness's affidavit averring that Defendant Phillips was not at the prison on the day Plaintiff allegedly informed him of the threat of harm.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  See also Ruffin-Thompkins v. Experian Information Solutions, Inc., 422 F.3d 603, 607 (7th Cir. 2005); Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc., 409 F.3d 833, 836 (7th Cir. 2005).  The burden is upon the moving party to establish that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970).  See also Lawrence v. Kenosha County, 391 F.3d 837, 841 (7th Cir. 2004).  A fact is material if it is outcome determinative under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ballance v. City of Springfield, Illinois Police Department, 424 F.3d 614, 616 (7th

2005); <u>Hottenroth v. Village of Slinger</u>, 388 F.3d 1015, 1027 (7th Cir.2004). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals that "alternate inferences can be drawn from the available evidence." <u>Spiegula v. Hull</u>, 371 F.3d 928, 935 (7th Cir. 2004). <u>See</u> <u>also</u> <u>Anderer v. Jones</u>, 385 F.3d 1043, 1064 (7th Cir. 2004).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). <u>See</u> <u>also</u> <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Packman v. Chicago Tribune Co.</u>, 267 F.3d 628, 637 (7th Cir. 2001); <u>Sybron Transition Corporation v. Security Insurance Company of Hartford</u>, 107 F.3d 1250, 1255 (7th Cir. 1997).

It is well-established that a Plaintiff's affidavit or deposition testimony, even though "self serving," may preclude summary judgment against him, so long as the affidavit or deposition is based upon personal knowledge and sets forth facts that indicate a genuine issue for trial. <u>See</u> <u>Payne v. Pauley</u>, 337 F.3d 767, 771 (7th Cir. 2003). <u>See</u> <u>also</u> <u>Paz v. Wauconda Healthcare and Rehabilitation Centre, LLC</u>, 464 F.3d 659, 664-65 (7th Cir. 2006). The non-moving party "need only produce appropriate evidence demonstrating that there is a pending dispute of material fact." <u>Payne</u>, 337 F.3d at 771. "Summary judgment cannot be used to resolve swearing contests

between litigants," nor should summary judgment resolve issues of credibility.  Id. at 770, 773.
Thus, where the allegations, pleadings, and affidavits of the parties contradict each other, that is,
"[w]here the material facts specifically averred by one party contradict the facts averred" by the
moving party, summary judgment must be denied.  Id. at 773.

In the instant summary judgment motion, this Court is faced with contradictory affidavits
between the Plaintiff and a witness for the defense.  Plaintiff asserts in his deposition that he
spoke with Defendant on the morning of November 24, 2007, and informed him of his fear that he
would be attacked by a fellow inmate (Doc. 53 at 8-9).  Defendant brings the affidavit of Robert
Stovall, a supervisor, to assert that Defendant was not present at the prison on that day (Doc 48-
2).  Both the Defendant's affidavit and the Plaintiff's deposition testimony are based on personal
knowledge.  The parties have thus presented evidence of two different versions of the events.  The
Seventh Circuit cautions, "[w]here the parties present two vastly different stories . . . it is almost
certain that there are genuine issues of material fact in dispute."  Payne, 337 F.3d at 770.  To
grant summary judgment to Defendant based on the evidence before the Court would be to credit
Defendant's version and discount the Plaintiff's.  This is exactly the type of credibility
determination and weighing of the evidence that is not permitted at the summary judgment stage.
Thus, it is **RECOMMENDED** that the Motion for Summary Judgment be **DENIED**.

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motion for
Summary Judgment (Doc. 48) be **DENIED**,  and that the Court adopt the foregoing findings of
fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10)

days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:  January 24, 2008**


                                        s/ *Donald G. Wilkerson*
                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**